JODI LINKER, Bar Number 240273
Federal Public Defender
Northern District of California
TAYLOR FATHERREE, Bar Number 358709
Assistant Federal Public Defenders
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone:    (415) 436-7700
Facsimile:    (415) 436-7706
Email:        Taylor_Fatherree@fd.org


Counsel for Gregory ACOSTA ALVAREZ


IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION


| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY ACOSTA ALVAREZ,<br><br>Defendant. | **Case No.:** CR 24–525 WHO<br><br>**DEFENSE SENTENCING MEMORANDUM**<br><br>**Court:**          Courtroom 2, 17th Floor<br>**Hearing Date:**  April 9, 2026<br>**Hearing Time:**  1:30 p.m. |

**INTRODUCTION**

Gregory Acosta Alvarez comes before the Court for a combined plea and sentencing for his offense of theft of government property in violation of 18 U.S.C. § 641.

Gregory Acosta Alvarez respectfully requests, for the reasons set forth in detail below, that the Court sentence him to the jointly agreed sentence of 21 months.

**ARGUMENT**

**I.    A sentence of 21 months is appropriate in this case and takes into account all of the 3553(a) factors.**

In sentencing Mr. Acosta Alvarez, this Court must of course consider all the directives set forth in 18 U.S.C. § 3553(a); the Guidelines are only one factor among many to be considered by the Court. *See United States v. Booker*, 543 U.S. 220 (2005); *Kimbrough v. United States*, 128 S. Ct. 558, 570 (2007). "The overarching statutory charge for a district court is to impose a sentence sufficient, but not greater than necessary" to achieve the goals of § 3553(a). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (internal quotations omitted). Those goals include the need to: (1) reflect the seriousness of the offense; (2) promote respect for the law; (3) provide just punishment for the offense; (4) afford adequate deterrence to criminal conduct; (5) protect the public from further crimes of the defendant; and (6) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. *See* 18 U.S.C. § 3553(a)(2).

Section 3553(a) also directs the Court to consider additional factors, including: the nature and circumstances of the offense, § 3553(a)(1); the history and characteristics of the defendant, § 3553(a)(1); the kinds of sentences available, § 3553(a)(3); the sentencing guideline range, § 3553(a)(4); pertinent Sentencing Commission policy statements, § 3553(a)(5); the need to avoid unwarranted sentencing disparities, § 3553(a)(6); and the need to provide restitution to any victims of the offense, § 3553(a)(7).

The defense agrees with the PSR Guidelines calculation of 15-21 months. Addendum to the Presentence Report at 1. The parties agree that 21 months, the high end of the Guidelines, is appropriate in this case.

DEF. SENT. MEM.
*ACOSTA ALVAREZ*, CR 24–525 WHO

1

#### A. The nature and circumstances of the offense.

In August 2024, Mr. Acosta Alvarez was living in hotels and addicted to fentanyl. In the early morning hours of August 7, 2024, Mr. Acosta Alvarez broke a lock on an FBI vehicle and stole a number of items. Presentence Report (PSR), Dkt. 53 at ¶¶10-14. The vehicle was not marked and Mr. Acosta Alvarez did not know it was an FBI vehicle. Mr. Acosta Alvarez was located at a nearby hotel the same day and arrested. *Id*. at 18, 19. All stolen items were recovered. Mr. Acosta Alvarez takes full responsibility for this behavior and wants to live a law-abiding life.

#### B. The history and characteristics of Mr. Acosta Alvarez.

Mr. Acosta Alvarez has had a difficult life. He experienced poverty and abuse growing up. This included serious physical abuse from multiple parental and caregiving figures. *Id*. at ¶¶ 68-70. Mr. Acosta Alvarez is borderline intellectually disabled and was in special education throughout his schooling. *See id*. at ¶ 75. In 2019, he lost his mother, which was extremely destabilizing for him. *Id*. at ¶ 71. At the time of the offense, he was homeless and living in hotels. *Id*. at ¶ 73.

Mr. Acosta Alvarez began drinking alcohol and smoking marijuana by the age of 13. *Id*. at ¶ 79. Additionally, he developed a drug addiction in his late teens that he has struggled with for over a decade. *Id*. The addition of fentanyl further spun him out of control. *Id*. at ¶ 79-81. Mr. Acosta Alvarez would black out on fentanyl and describes spending days not knowing if he was asleep or awake. Id. at ¶¶ 80-81. In the throes of this extreme addiction, he chose to steal the items that bring him before the Court now. While this case was pending, Mr. Acosta Alvarez completed about two months of a three-month treatment program, but relapsed and was asked to leave. *See id*. at ¶ 6. Mr. Acosta Alvarez has ceased using drugs while in custody and is motivated to continue his sobriety after release.

Defense counsel has been working with Golden Gate Regional Center in an effort to get appropriate support services for Mr. Acosta Alvarez. The Regional Center can assist with housing, employment, and other life management skills. The hope is that he will have assistance transitioning back into the community after this period of incarceration. Mr. Acosta Alvarez is the father of two sons that he speaks to while incarcerated and hopes to reconnect with upon release. PSR ¶ 72.

**CONCLUSION**

For the above reasons, the Court should sentence Mr. Acosta Alvarez to 21 months in custody followed by three years of supervised release.

Dated:    April 2, 2026                Respectfully submitted,

                                       JODI LINKER
                                       Federal Public Defender
                                       Northern District of California

                                       _____/S_____

                                       TAYLOR FATHERREE
                                       Assistant Federal Public Defender

DEF. SENT. MEM.
*ACOSTA ALVAREZ*, CR 24–525 WHO

3